**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN HOU, | No. 10-73054 |
| Petitioner, | Agency No. A099-364-841 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

   **1.** The Board of Immigration Appeals' (BIA) denial of Yan Hou's applications for asylum and withholding of removal is supported by substantial evidence. The record does not compel the conclusion that Hou's political opinion—in the form of whistle-blowing activities at her factory—was "one central

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reason" for the mistreatment she received. 8 U.S.C. § 1158(b)(1)(B)(i); *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). Rather, the record supports the BIA's conclusion that her mistreatment was motivated solely by her confrontation with the factory director. Indeed, Hou was not mistreated following her initial in-person complaint to the director, and the director did not have her arrested when he learned of her letters to government officials. It is true that one police officer accused Hou of making "inflamed accusations against the leadership." But even taking that statement into account, the record does not compel the conclusion that Hou's whistle-blowing activities, standing alone, would have led to her mistreatment. *See id.* at 741–42.

2. The BIA's conclusion that Hou's mistreatment in custody did not rise to the level of torture is also supported by substantial evidence. She "undeniably suffered abuse," but the record does not compel the conclusion that the abuse she suffered amounted to torture. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**